# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Carrington Mortgage Services, LLC** | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>109 Williams Road, Sabattus, ME 04280 |
| **Joseph R. Cole and Nikki R. Cole** | Mortgage:<br>January 15, 2009<br>Book 7603, Page 247<br>Androscoggin County Registry of Deeds |
| Defendants | |

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Joseph R. Cole and Nikki R. Cole, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Carrington Mortgage Services, LLC, in which the Defendants, Nikki R. Cole and Joseph R. Cole, are the obligor and the total amount owed under the terms of the Note is One

Hundred Sixty-Four Thousand Five Hundred Sixteen and 69/100 ($164,516.69) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Carrington Mortgage Services, LLC is a limited liability corporation with its principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, CA 92806.

5. The Defendant, Joseph R. Cole, is a resident of Sabattus, County of Androscoggin and State of Maine.

6. The Defendant, Nikki R. Cole, is a resident of Sabattus, County of Androscoggin and State of Maine.

## FACTS

7. On January 15, 2009, by virtue of a Warranty Deed from Josephine A Grant, which is recorded in the Androscoggin County Registry of Deeds in **Book 7603, Page 245**, the property situated at 109 Williams Road, City/Town of Sabattus, County of Androscoggin, and State of Maine, was conveyed to Joseph R Cole and Nikki R Cole, being more particularly described by the attached Exhibit A.

8. On January 15, 2009, Defendants, Nikki R. Cole and Joseph R. Cole, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $153,061.00. Defendants, Joseph R. Cole and Nikki R. Cole's personal liability is limited and/or extinguished by the Chapter 13 bankruptcy filed which resulted in a bankruptcy

discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on January 15, 2009, Defendants, Joseph R. Cole and Nikki R. Cole executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 109 Williams Road, Sabattus, ME 04280 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7603**, **Page 247**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated April 13, 2011 and recorded in the Androscoggin County Registry of Deeds in **Book 8155**, **Page 265**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Carrington Mortgage Services, LLC by virtue of an Assignment of Mortgage dated May 29, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9851**, **Page 184**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Carrington Mortgage Services, LLC by virtue of a Quitclaim Assignment dated February 28, 2020 and recorded in the Androscoggin County Registry of Deeds in **Book 10325**, **Page 262**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On October 27, 2018, the Defendants, Nikki R. Cole and Joseph R. Cole, executed a Loan Modification Agreement (Mortgage) which decreased the principal amount of the Note to $137,805.32 (herein after referred to as the "Loan Modification Agreement (Mortgage)").

*See* Exhibit G (a true and correct copy of the Loan Modification Agreement (Mortgage) is attached hereto and incorporated herein)

14. On December 9, 2021, the Defendants, Joseph R. Cole and Nikki R. Cole, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the USPS report and green cards indicating the letters were received by the debtors on December 13, 2021. (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, Joseph R. Cole and Nikki R. Cole, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendants, Joseph R. Cole and Nikki R. Cole, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Carrington Mortgage Services, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Carrington Mortgage Services, LLC, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Carrington Mortgage Services, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. The total debt owed under the Note and Mortgage as of February 14, 2022 is One Hundred Sixty-Four Thousand Five Hundred Sixteen and 69/100 ($164,516.69) Dollars, if no payments are made which includes:

| Description | Amount |
|---|---|
| Principal Balance | $136,530.30 |
| Interest | $18,607.57 |
| Escrow Advance | $1,511.52 |
| Escrow Balance | $7,867.30 |
| Grand Total | $164,516.69 |

21. Upon information and belief, the Defendants, Joseph R. Cole and Nikki R. Cole, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

22. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 109 Williams Road, Sabattus, County of Androscoggin, and State of Maine. *See* Exhibit A.

24. The Plaintiff, Carrington Mortgage Services, LLC, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Carrington Mortgage Services, LLC, has the right to foreclosure and sale upon the subject property.

25. The Plaintiff, Carrington Mortgage Services, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendants, Joseph R. Cole and Nikki R. Cole, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of February 14, 2022, if no payments are made, is One Hundred Sixty-Four Thousand Five Hundred Sixteen and 69/100 ($164,516.69) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $136,530.30 |
| Interest | $18,607.57 |
| Escrow Advance | $1,511.52 |
| Escrow Balance | $7,867.30 |
| Grand Total | $164,516.69 |

28. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants, Joseph R. Cole and Nikki R. Cole's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Joseph R. Cole and Nikki R. Cole's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Joseph R. Cole and Nikki R. Cole, but only seeks *in rem* judgment against the property.

30. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Joseph R. Cole and Nikki R. Cole, on December 9, 2021, evidenced by the Certificate of Mailing. *See* Exhibit H.

31. The Defendants, Joseph R. Cole and Nikki R. Cole, are not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Carrington Mortgage Services, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Joseph R. Cole and Nikki R. Cole's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Carrington Mortgage Services, LLC, upon the expiration of the period of redemption;

c) Find that the Defendants, Nikki R. Cole and Joseph R. Cole, are in breach of the Note by failing to make payment due as of September 1, 2019, and all subsequent payments, however, as affected by Defendants, Joseph R. Cole and Nikki R. Cole's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendants, Joseph R. Cole and Nikki R. Cole, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendants, Joseph R. Cole and Nikki R. Cole, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 109 Williams Road, Sabattus, ME 04280;

f) For such other and further relief as this Honorable Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Carrington Mortgage Services, LLC,<br>By its attorneys, |
| Dated: February 11, 2022 | /s/Reneau J. Longoria, Esq.<br>Reneau J. Longoria, Esq., Bar No. 5746<br>Attorneys for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915<br>(978) 921-2670 |