NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY

This Document Prepared By:
BRANDY MANGALINDAN
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806

Tax/Parcel #:

_____ [Space Above This Line for Recording Data]

Original Principal Amount: $153,061.00
Unpaid Principal Amount: $130,102.12
New Principal Amount: $137,805.32
New Money (Cap): $7,703.20

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this 24TH day of OCTOBER, 2018, between JOSEPH R COLE AND, NIKKI R COLE AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP ("Borrower"), whose address is 109 WILLIAMS ROAD, SABATTUS, MAINE 04280 and CARRINGTON MORTGAGE SERVICES, LLC ("Lender"), whose address is 1600 SOUTH DOUGLASS ROAD, SUITE 200A, ANAHEIM, CA 92806 amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated JANUARY 15, 2009 and recorded on JANUARY 20, 2009 in BOOK 7603 PAGE 247, ANDROSCOGGIN COUNTY, MAINE, and (2) the Note, in the original principal amount of U.S. $153,061.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at
109 WILLIAMS ROAD, SABATTUS, MAINE 04280

EXHIBIT G

the real property described is located in **ANDROSCOGGIN COUNTY, MAINE** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **DECEMBER 1, 2018** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$137,805.32**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$7,703.20** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.3750%**, from **DECEMBER 1, 2018**. The yearly rate of **5.3750%** will remain in effect until principal and interest are paid in full.

   Borrower promises to make the total modified monthly mortgage payment of U.S. **$1,060.04**, beginning on the 1ST day of **JANUARY, 2019**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. Borrower's payment consists of payments for principal and interest of U.S. **$771.68**, plus payments for property taxes, hazard insurance, and any other permissible escrow items of US **$288.36**. Borrower understands that the modified monthly mortgage payment is subject to change if there is an increase or decrease in property taxes, insurance, or any other permissible escrow items. If on **DECEMBER 1, 2048** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:
   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have

NOT AN OFFICIAL COPY   NOT AN OFFICIAL COPY

obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage and Subordinate Note/Mortgage.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the Modification Effective Date, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full. For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Modification Effective Date; Borrower will remain liable for any such costs, fees and/or expenses.

NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY

In Witness Whereof, I have executed this Agreement.

Borrower: JOSEPH R COLE _Joseph R Cole_ 10/27/18 Date

Borrower: NIKKI R COLE _Nikki R Cole_ 10/27/18 Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

STATE OF MAINE
COUNTY OF Androscoggin

The foregoing instrument was acknowledged before me this 10/27/18 by **JOSEPH R COLE, NIKKI R COLE**

_Annette Caron_
Notary Public

Print Name: Annette Caron

My commission expires: 8/19/22

Annette Caron
Notary Public, State of Maine
My Commission Expires August 19, 2022

In Witness Whereof, the Lender has executed this Agreement.

CARRINGTON MORTGAGE SERVICES, LLC

By _____  _____  11/2/18
Jill A. Fuller Director Loss Mitigation   (title)            Date
Carrington Mortgage Services, LLC
(print name)

[Space Below This Line for Acknowledgments]

LENDER ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CA
County of Orange

On 11-2-18 before me Iliana Allende Notary Public, personally appeared Jill A. Fuller, the Director, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Iliana Allende_
         Signature of Notary Public

ILIANA ALLENDE
Notary Public - California
Orange County
Commission # 2230717
My Comm. Expires Feb 9, 2022

NOT AN OFFICIAL COPY     NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY     NOT AN OFFICIAL COPY

EXHIBIT A

BORROWER(S): JOSEPH R COLE AND, NIKKI R COLE AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP
LOAN NUMBER:

LEGAL DESCRIPTION:

The land referred to in this document is situated in the STATE OF MAINE, COUNTY OF ANDROSCOGGIN, CITY OF SABATTUS, and described as follows:

SAID LAND SITUATED ON THE SOUTHERLY SIDE OF THE WILLIAMS ROAD AND BEING MORE
PARTICULARLY DESCRIBED AS FOLLOWS:
BEGINNING AT A STONE WALL ON THE EASTERLY LINE OF THE WILLIAMS ROAD AT THE MOST
NORTHWESTERLY CORNER OF LAND THAT JOHN KATULA AND EVELYN KATULA EXCEPTED AND
RESERVED TO THEMSELVES IN A DEED TO ALVIN B. SORKIN ET AL. DATED JULY 28, 1976, AND
RECORDED IN ANDROSCOGGIN COUNTY REGISTRY OF DEEDS, BOOK 1220, PAGE 265, WHICH
POINT OF BEGINNING IS APPROXIMATELY TWO THOUSAND SEVEN HUNDRED NINETEEN (2,719) FEET NORTHERLY OF THE INTERSECTION OF THE EASTERLY LINE OF THE WILLIAMS
ROAD AND THE NORTHEASTERLY LINE OF THE BOWDOINHAM ROAD; THENCE IN AN EASTERLY DIRECTION ALONG SAID STONE WALL AND TO A POINT WHERE SAID STONE WALL
TURNS; THENCE FOLLOWING THE STONE WALL IN A SOUTHERLY DIRECTION A DISTANCE OF
THREE HUNDRED NINETY-NINE (399) FEET, MORE OR LESS TO AN IRON PIN WHICH MARKS
THE NORTHEASTERLY CORNER OF LAND CONVEYED TO GUY E. MATHIEU ET AL. FROM JOHN
KATULA ET AL. DATED AUGUST 13, 1976, AND RECORDED IN SAID REGISTRY OF DEEDS IN BOOK 1222, PAGE 260; THENCE IN A WESTERLY DIRECTION ALONG SAID MATHIEU LAND TO
AN IRON PIN NEAR A LARGE ELM TREE IN THE EASTERLY LINE OF THE WILLIAMS ROAD, WHICH POINT IS THREE HUNDRED FIFTY-NINE AND FIVE TENTHS (359.5) FEET SOUTHERLY
OF THE POINT OF BEGINNING; THENCE IN A NORTHERLY DIRECTION ALONG THE EASTERLY

LINE OF WILLIAMS ROAD A DISTANCE OF THREE HUNDRED FIFTY-NINE AND FIVE TENTHS (359.5) FEET TO THE POINT OF BEGINNING.

ALSO KNOWN AS: 109 WILLIAMS ROAD, SABATTUS, MAINE 04280

N O T AN OFFICIAL COPY (repeated watermark)

TINA M. CHOUINARD, REGISTER
ANDROSCOGGIN COUNTY MAINE E-RECORDED